UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DERRICK SCOTT (#126372)**

**VERSUS**

**UNKNOWN CALLAHAN, ET AL.**

CIVIL ACTION

NO. 16-212-JJB-RLB

**ORDER**

This matter comes before the Court on the plaintiff's Motion to Proceed *In Forma Pauperis* (R. Doc. 2).

The *pro se* plaintiff, an inmate incarcerated at the Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Capt. Callahan and Trish Foster asserting that his constitutional rights have been violated due to deliberate indifference to his health and safety, and retaliation.

The statute applicable to the granting by federal courts of *in forma pauperis* status to inmates in civil proceedings makes clear that the plaintiff is not entitled to proceed as a pauper in this case.  28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A review of the records of this Court reflects that the plaintiff has, on three or more prior occasions while incarcerated, brought actions or appeals in the federal court that have been

dismissed as frivolous, malicious, or for failure to state a claim.[1]  Accordingly, because the plaintiff is barred from proceeding *in forma pauperis* in this case,[2] he is required to pay the full amount of the Court's filing fee.  Therefore:

**IT IS ORDERED** that the plaintiff's Motion to Proceed *In Forma Pauperis* (R. Doc. 2), be and is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff is granted twenty-one (21) days from the date of this Order within which to pay $400.00, the full amount of the Court's filing fee.  The filing fee must be paid in full in a single payment.  No partial payments will be accepted.  Failure to pay the Court's filing fee within 21 days shall result in the dismissal of the plaintiff's action without further notice from the Court.

Signed in Baton Rouge, Louisiana, on April 13, 2016.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Cases or appeals filed by the plaintiff which have been dismissed by the federal courts as frivolous or for failure to state a claim include, but are not limited to, *Derrick Scott v. James M. LeBlanc, et al.*, Civil Action No. 12-0239-BAJ-SCR (M.D., La.), *Derrick Scott v. Burl Cain*, Civil Action No. 12-0412-JJB-DLD (M.D., La.), and *Derrick Scott v. Officer Haney, et al.*, Civil Action No. 12-0439-JJB-DLD (M.D., La.).  The first two referenced cases were dismissed because the plaintiff's Complaints made clear that he had failed to exhaust administrative remedies as mandated by 42 U.S.C. § 1997e, and the United States Court of Appeals for the Fifth Circuit has concluded that the dismissal of an action for failure to state a claim is appropriate when it is clear from the face of a plaintiff's Complaint that he has not exhausted administrative remedies.  *See Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007).  In addition, such dismissals may be treated as "strikes" within the context of 28 U.S.C. § 1915(g).  *See Emmett v. Ebner*, 423 Fed. Appx. 492 (5th Cir. 2011); *Martinez v. Bus Driver*, 344 Fed. Appx. 46 (5th Cir. 2009); *Johnson v. Kukua*, 342 Fed. Appx. 933 (5th Cir. 2009).  Finally, the Court hereby takes judicial notice of proceedings before this Court in *Derrick Scott v. Trish Foster, et al.*, Civil Action No. 13-0665-JJB-RLB (M.D. La.), wherein both this Court and the Fifth Circuit Court of Appeals found that the plaintiff had accumulated three strikes.

[2] The Court finds that the allegations of the plaintiff's Complaint do not fall within the exception to the statute.